IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLYN ALVARADO, | : |
| | : |
| Petitioner | : CIVIL ACTION NO. 3:CV-14-2056 |
| | : |
| v. | : (Judge Nealon) |
| | : |
| JUAN BALTAZAR, | : |
| | : |
| Respondent | : |

**MEMORANDUM**

Petitioner Franklyn Alvarado, an inmate confined in the United States Penitentiary at Allenwood, Low Security, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Eastern District of New York. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

In 2011, Petitioner pled guilty in the United States District Court for the Eastern District of New York to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846 and § 841 (b)(1)(A)(ii)(II). See United States v. Alvarado, 1:06-cr-00500 (E.D. N.Y. 2012). He was sentenced to 210 months imprisonment, five (5) years of supervised release and a $100 special assessment. On March 5, 2012, he filed a motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. In the petition, he raised the following grounds: (1) ineffective assistance of counsel; (2) improperly calculated sentence based upon the guidelines range in violation of United States v. Booker, 543 U.S. 220 (2005); and (3) prosecutorial misconduct during the plea agreement. The motion was denied on January 4, 2013. See Alvarado v. United States, 1:12-cv-01716. Specifically, the section 2255 motion was denied on the ground that Petitioner waived his right to collaterally attack his sentence and, this consideration aside, his claims were without merit.

On October 24, 2014, the instant petition seeking habeas corpus relief pursuant to section 2241 was filed. In the petition, Alvarado seeks to challenge his federal sentence raising claims of ineffective assistance of counsel, prosecutorial misconduct, coercion into signing a plea agreement and waiving his appellate rights, and an unreasonable sentence due to the miscalculation of drug quantity under the Guidelines.

**II.    Discussion**

"[The usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v.

Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Here, Petitioner is clearly challenging his sentence.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.  See 28 U.S.C. § 2255 ¶5 (stating that the motion must be filed in "the court which sentenced him").  Accordingly, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

The sole exception allowing federal prisoners to pursue section 2241 relief is when the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The claimed inadequacy or ineffectiveness of § 2255 must be a limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or

3

successive 2255 motion "does not make § 2255 inadequate or ineffective."). The Petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

As recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke, 307 F.3d at 120-21. Section 2241 is not available for intervening changes in the sentencing law. United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause". Elderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, *2 (3d Cir. 2012); see also Okereke, 307 F.3d at 120.

In the instant case, Petitioner challenges his sentence on several grounds. Included are claims that counsel was ineffective and the prosecution committed

4

misconduct in having him sign a plea agreement that waived his rights to appeal.  He also contends that the Magistrate Judge who heard his plea improperly accepted the pleas.  He further challenges the sentence imposed claiming the drug quantity was miscalculated under the Guidelines.

As previously set forth, section 2255 is not inadequate or ineffective merely because the sentencing court has denied relief or because a petitioner is unable to meet the gatekeeping requirements of section 2255.  <u>Dorsainvil</u>, 119 F.3d at 251.  Thus, just because his prior section 2255 motion was unsuccessful or barred does not render section 2255 inadequate or ineffective.  Rather, it merely demonstrates that the remedy was available to Petitioner, but that he was unsuccessful or that he had a personal inability to use the remedy.  It does not permit Petitioner to now pursue habeas relief under 28 U.S.C. § 2241.

The holding in <u>Dorsainvil</u> does not benefit Petitioner in that he does not claim that he was convicted for conduct that has now been found not to be criminal.  This narrow safety valve exception announced in <u>Dorsainvil</u> has only been applied to permit the filing of a section 2241 petition where a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law.  <u>Okereke</u>, 307 F.3d at 120; <u>Dorsainvil</u>, 119 F.3d at 251.  Innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal

offense such that the remedy afforded by section 2255 would be inadequate or ineffective.  See Brown v. Bledsoe, 2012 WL 92344, *8 (M.D. Pa. Jan. 11, 2012); Sorrell v. Bledsoe, Civil No. 3:09-CV-2476, slip op., (M.D. Pa. Feb. 19, 2010).

Because Petitioner does not fall within the limited exception set forth in Dorsainvil, his section 2241 habeas petition will be dismissed for lack of jurisdiction.  A separate order will be issued.


Dated: February 5, 2015              /s/ William J. Nealon
                                     **United States District Judge**